# Exhibit A
# State Court File

To Defendant's Notice of Removal

*Karen Jackson*
*v.*
*Starbucks Corporation*

*Civil Action No: 7:22-CV-51*

# STATE OF NORTH CAROLINA

**ROBESON** County

File No. **21 CVS 3278**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>KAREN JACKSON | |
| *Address*<br>c/o Helms Robison Lee & Bennett, PA | **CIVIL SUMMONS** |
| *City, State, Zip*<br>PO Drawer 99, Monroe NC 28111-0099 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |

| *Name Of Defendant(s)*<br><br>STARBUCKS CORPORATION | *Date Original Summons Issued* |
|---|---|
| | *Date(s) Subsequent Summon(es) Issued* |

## To Each of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1*<br><br>STARBUCKS CORPORATION<br>c/o The Prentice-Hall Corporation System, Inc., Reg. Agt.<br>2626 Glenwood Avenue, Ste 550<br>Raleigh, NC 27608 | *Name And Address Of Defendant 2* |
|---|---|

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>R. Kenneth Helms, Jr.<br>HELMS ROBISON LEE & BENNETT, P.A.<br>PO Drawer 99<br>Monroe NC 28111-0099<br>Telephone: 704/289-4577 | *Date Issued*<br>December 29, 2021 | *Time*<br>2:30 ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Elizabeth B Smith | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA ~~FILED~~ IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ROBESON          FILE NO.: 21 CVS 3278

2021 DEC 29 P 2: 30

KAREN JACKSON,          ROBESON CO.. C.S.C.
)
          Plaintiff,     BY_____)
)                    **COMPLAINT**
     vs.                 )
)                   **(JURY TRIAL REQUESTED)**
STARBUCKS CORPORATION,   )
)
          Defendants.    )

NOW COMES Plaintiff Karen Jackson ("Plaintiff"), by and through undersigned counsel, complaining and alleging of Defendant Starbucks Corporation ("Starbucks"):

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a citizen and resident of Orangeburg County, South Carolina.

2.     Defendant is a corporation with its headquarters located in King County, Washington. Defendant is authorized to do business in North Carolina with a registered agent as The Prentice-Hall Corporation System, Inc and a registered mailing address of 2626 Glenwood Avenue, Suite 550, Raleigh North Carolina 27608 and maintains a place of business at 5084 Kahn Drive, Lumberton, North Carolina 28338.

3.     This Court has jurisdiction over all the parties and matters in controversy herein, and they are properly before this Court pursuant to N.C.G.S. Section 1-75.4.

4.     Venue is proper pursuant to N.C.G.S. Section 1-82.

## FACTUAL ALLEGATIONS

5.     On March 3, 2019, Plaintiff entered the Starbucks store ("Store"), located at 5084 Kahn Drive, Lumberton, North Carolina, 28338 for the purpose of purchasing coffee.

6.     Upon entering the Store, Plaintiff gave her order to the Starbuck's employee ("Employee") located at the counter for a large black Pike Place coffee ("Coffee").

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

1

7.     Upon placing her order, Plaintiff inquired as to the location of the restroom, and the Employee directed her to the same.   The Employee told Plaintiff that employee would place the Coffee on the counter for pick up by the Plaintiff upon her return from the restroom.

8.     Upon information and belief, the Coffee was prepared including, without limitation, the attachment of the lid to the cup, by the Employee, or other employees of Starbucks working within the course and scope of their employment.

9.     Starbucks and its employees/agents knew or should have known that the failure to properly, and securely, attach the lid to the Coffee cup would result in the lid detaching from the cup resulting in the spillage of the contents.

9.     Upon Plaintiff returning  from the restroom,  Plaintiff saw the Coffee on the counter, just as the Employee had informed her, with the lid on the Coffee and a paper sleeve around the cup; whereupon Plaintiff picked up the Coffee, exited the Store,  returned to her vehicle, and placed the Coffee in a cupholder, all without incident.

10.     Plaintiff drove her vehicle onto Interstate 95 and proceeded to drive on Interstate 95; while driving, she removed the Coffee from the cupholder and proceeded to bring the Coffee toward her mouth, the lid unexpectedly and without warning popped off, thereby spilling approximately one-half of the contents of the Coffee onto the right thigh of Plaintiff ("Incident").

11.     Plaintiff exited Interstate 95 at the next exit, removed the clothing and placed an ice pack against the burn area.  Despite Plaintiff's efforts, the area blistered and formed an eschar and a painful and unsightly burn wound.  Said injuries have caused the Plaintiff to suffer great physical pain and anguish.

## ALLEGATIONS OF NEGLIGENCE

12.     The preceding paragraphs are hereby realleged and incorporated herein by reference.

13.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the careless, negligent, and otherwise unlawful conduct of employees or agents of Starbucks, which negligence is imputed to Starbucks on the subject occasion in that Starbucks and/or their employees or agents:

   a.  Failed to properly and securely fasten or attach the lid to the Coffee cup;
   b.  Failed to inspect the lid and/or the Coffee cup to determine if the lid was securely attached to the Coffee cup;
   c.  Failed to establish procedures to insure that the lid to the Coffee cup was properly and securely attached; and
   d.  Failed to properly train employees or agents on the securing of lids to coffee cups and the inspection of the same.

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

2

14. As a direct and proximate result of the Defendant's negligent conduct, the Incident occurred and caused Plaintiff to sustain serious physical injury and great emotional anguish and distress.

15. As a result of the Incident, Plaintiff has incurred medical expenses for her treatment, has experienced pain and suffering and scarring, and is informed and believes that she will continue in the future to experience pain and suffering and incur further medical expenses for treatment of her injuries.

16. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff has sustained injuries and damages as described above in the amount of more than Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, PLAINTIFF PRAYS THE COURT THAT:

1. She have and recover a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), including interest, from Defendant for her personal injuries, medical expenses, lost wages, future medical expenses, scarring, pain and suffering, and future pain and suffering;

2. The costs of this action, including reasonable attorney's fees, be taxed against Defendants to the extent permitted by law;

3. A jury trial be had in this matter; and

4. Plaintiff have and recover such other and further relief to which she may be entitled.

This the 28th day of December, 2021.

R. Kenneth Helms, Jr.
Bar No. 15891
HELMS ROBISON LEE & BENNETT, P.A.
Post Office Drawer 99
Monroe, NC 28111
Telephone: (704) 289-4577
Fax: (704) 283-1122

*Attorney for Plaintiff*

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

STATE OF NORTH CAROLINA

COUNTY OF ROBESON

KAREN JACKSON,

Plaintiff,

v.

STARBUCKS CORPORATION,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-3278

7022 JAN 20 ₽ 3 42

**DEFENDANT STARBUCKS
CORPORATION'S MOTION FOR
EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S COMPLAINT**

---

Defendant **STARBUCKS CORPORATION**, in the above-captioned matter, pursuant to N.C. Gen. Stat. §1A-1, Rule 6 of the North Carolina Rules of Civil Procedure, prior to the expiration of time for moving or answering Plaintiff's Complaint and moves the Court for an Order enlarging its time for thirty (30) days within which to answer, move or otherwise plead pursuant to N.C. Gen Stat. §1A-1, Rule 12.

In support of this Motion, upon information and belief, the Defendant was allegedly served with the Summons and Complaint on January 6, 2022, and requests an additional thirty (30) days, through and including **March 7, 2022**, to prepare and serve its response and determine whether any Rule 12 or other defenses are appropriate.

**THIS** 19th day of January, 2022.

Tricia M. Derr, N.C. State Bar # 24438
Ashley Bartolucci, N.C. State Bar # 51572
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209
Telephone: (704) 496-4500
Facsimile: (866) 393-6043
Email: tricia.derr@lincolnderr.com
Email: ashley.bartolucci@lincolnderr.com

*Attorneys for Defendant Starbucks Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that DEFENDANT STARBUCKS CORPORATION'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT was served on all parties through their counsel via email and properly addressed, as follows:

R. Kenneth Helms, Jr., Esq.
Helms Robison Lee & Bennett, P.A.
P.O. Drawer 99
Monroe, NC 28111
khelms@hrlbattorneys.com

*Attorney for Plaintiff*

THIS 19th day of January, 2022.

Tricia M. Derr

2

STATE OF NORTH CAROLINA

COUNTY OF ROBESON

KAREN JACKSON,

             Plaintiff,

v.

STARBUCKS CORPORATION,

             Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-3278

**ORDER GRANTING DEFENDANT
STARBUCKS CORPORATION'S
MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S
COMPLAINT**

        On Motion and for good cause shown, Defendant **STARBUCKS CORPORATION'S** time for moving or answering the Plaintiff's Complaint, pursuant to N.C. Gen. Stat. §1A-1, Rules 6 and 12 of the North Carolina Rules of Civil Procedure, is enlarged for a period of thirty (30) days, or through and including **March 7, 2022.**

        **THIS** _20_ day of January, 2022.

                                  _____
                           (Deputy/Assistant) Clerk of Superior Court

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                           SUPERIOR COURT DIVISION

COUNTY OF ROBESON               FILE NO.: 21 CVS 3278

F I L E D

2022 JAN 27 P 4: 41

ROBESON C., C.S.C.

BY_____

| | | |
|---|---|---|
| KAREN JACKSON, | ) | |
| Plaintiff, | ) | **AMENDED** |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **(JURY TRIAL REQUESTED)** |
| STARBUCKS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff Karen Jackson ("Plaintiff"), by and through undersigned counsel, and in accordance with the provisions of N.C.G.S. Section 1A-1, Rule 15(a), amends her Complaint by right against Defendant Starbucks Corporation ("Starbucks") by deleting the original Complaint filed in this action in its entirety and inserting in lieu thereof the following:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a citizen and resident of Orangeburg County, South Carolina.

2.      Defendant is a corporation with its headquarters located in King County, Washington. Defendant is authorized to do business in North Carolina with a registered agent as The Prentice-Hall Corporation System, Inc and a registered mailing address of 2626 Glenwood Avenue, Suite 550, Raleigh North Carolina 27608 and maintains a place of business at 5084 Kahn Drive, Lumberton, North Carolina 28338.

3.      This Court has jurisdiction over all the parties and matters in controversy herein, and they are properly before this Court pursuant to N.C.G.S. Section 1-75.4.

4.      Venue is proper pursuant to N.C.G.S. Section 1-82.

## FACTUAL ALLEGATIONS

5.      On March 3, 2019, Plaintiff entered the Starbucks store ("Store"), located at 5084 Kahn Drive, Lumberton, North Carolina, 28338 for the purpose of purchasing coffee.

6.      Upon entering the Store, Plaintiff gave her order to the Starbuck's employee ("Employee") located at the counter for a large black Pike Place coffee ("Coffee").

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

1

7. Upon placing her order, Plaintiff inquired as to the location of the restroom, and the Employee directed her to the same. The Employee told Plaintiff that employee would place the Coffee on the counter for pickup by the Plaintiff upon her return from the restroom.

8. Upon information and belief, the Coffee was prepared including, without limitation, the attachment of the lid to the cup, by the Employee, or other employees of Starbucks working within the course and scope of their employment.

9. Upon Plaintiff returning from the restroom, Plaintiff saw the Coffee on the counter, just as the Employee had informed her, with the lid on the Coffee and a paper sleeve around the cup; whereupon Plaintiff picked up the Coffee, exited the Store, returned to her vehicle, and placed the Coffee in a cupholder, all without incident.

10. Plaintiff drove her vehicle onto Interstate 95 and proceeded to drive on Interstate 95; while driving, she removed the Coffee from the cupholder and proceeded to bring the Coffee toward her mouth, when the lid unexpectedly and without warning popped off, thereby spilling approximately one-half of the contents of the Coffee onto the right thigh of Plaintiff, thereby burning Plaintiff ("Incident").

11. Plaintiff exited Interstate 95 at the next exit, removed the clothing, and placed an ice pack against the burn area. Despite Plaintiff's efforts, the area blistered and formed an eschar and a painful and unsightly burn wound. Said injuries have caused Plaintiff to suffer great physical pain and anguish.

12. Starbucks is in the business of selling hot coffee to the public and delivers the same to the public with the anticipation that the coffee will be handled by the public.

13. Starbucks has the duty to ensure that the coffee products sold are not at dangerously high temperatures, and that the coffee is sold and delivered in secure containers so that the containers will not become dislodged with use.

14. Starbucks and its employees/agents knew, or should have known, that the failure to properly and securely attach the lid to the Coffee cup would result in the lid detaching from the cup, resulting in the spillage of the overheated contents.

## ALLEGATIONS OF NEGLIGENCE

15. The preceding paragraphs are hereby realleged and incorporated herein by reference.

16. The injuries and damages suffered by Plaintiff were directly and proximately caused by the careless, negligent, and otherwise unlawful conduct of employees or agents of Starbucks, which negligence is imputed to Starbucks on the subject occasion in that Starbucks and/or their employees or agents:

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

a. Sold and delivered the Coffee to the Plaintiff at a temperature in excess of the allowable limits, in violation of state and/or federal law;

b. Failed to warn Plaintiff of the overheated contents of the Coffee cup;

c. Failed to properly and securely fasten or attach the lid to the Coffee cup;

d. Failed to inspect the lid and/or the Coffee cup to determine if the lid was securely attached to the Coffee cup;

e. Failed to establish procedures to ensure their coffee products were not served at a temperature in excess of the allowable limits;

f. Failed to properly train employees or agents on the serving of their coffee products at a temperature within the allowable limits;

g. Failed to maintain its equipment so that their coffee products were not served at a temperature in excess of allowable limits;

h. Failed to establish procedures to ensure that the lid to the Coffee cup was properly and securely attached; and

i. Failed to properly train employees or agents on the securing of lids to coffee cups and the inspection of the same.

17. As a direct and proximate result of the Defendant's negligent conduct, the Incident occurred and caused Plaintiff to sustain serious physical injury and great emotional anguish and distress.

18. As a result of the Incident, Plaintiff has incurred medical expenses for her treatment, has experienced pain and suffering and scarring, and is informed and believes that she will continue in the future to experience pain and suffering and incur further medical expenses for treatment of her injuries.

19. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff has sustained injuries and damages as described above in the amount of more than Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, PLAINTIFF PRAYS THE COURT THAT:

1. She have and recover a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus interest, from Defendant for her personal injuries, medical expenses, lost wages, future medical expenses, scarring, pain and suffering, and future pain and suffering;

2. The costs of this action, including reasonable attorney's fees, be taxed against Defendants to the extent permitted by law;

3. A jury trial be had in this matter; and

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

3

4.    Plaintiff have and recover such other and further relief to which she may
be entitled.

This the 25th day of January, 2022.

R. Kenneth Helms, Jr.
Bar No. 15891

HELMS ROBISON LEE & BENNETT, P.A.

Post Office Drawer 99
Monroe, NC  28111
Telephone: (704) 289-4577
Fax: (704) 283-1122

*Attorney for Plaintiff*

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

## CERTIFICATE OF SERVICE

FILED

2022 JAN 27 P 4: 41

The undersigned, R. Kenneth Helms, Jr., attorney for the Plaintiff, hereby certifies that he served a copy of the foregoing or annexed *Amended Complaint* on the following person(s) by C.S.C. electronic mail as follows:

BY _____

tricia.derr@lincolnderr.com

This the 25th day of January, 2022.

R. Kenneth Helms, Jr.

HELMS ROBISON
LEE & BENNETT, PA

ATTORNEYS AT LAW
MONROE, NC

STATE OF NORTH CAROLINA

COUNTY OF ROBESON

**F I L E D**

· 2022 FEB -2  P 4: 57 ·

R O E E S C N C C.

BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-3278

KAREN JACKSON,

Plaintiff,

v.

STARBUCKS CORPORATION,

Defendants.

**C.S.C. DEFENDANT STARBUCKS
CORPORATION'S MOTION FOR
EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S AMENDED
COMPLAINT**

Defendant **STARBUCKS CORPORATION**, in the above-captioned matter, pursuant to N.C. Gen. Stat. §1A-1, Rule 6 of the North Carolina Rules of Civil Procedure, prior to the expiration of time for moving or answering Plaintiff's Amended Complaint and moves the Court for an Order enlarging its time for thirty (30) days within which to answer, move or otherwise plead pursuant to N.C. Gen Stat. §1A-1, Rule 12.

In support of this Motion, upon information and belief, the Defendant was allegedly served with the Amended Complaint on January 28, 2022, and requests an additional thirty (30) days, through and including **March 29, 2022**, to prepare and serve its response and determine whether any Rule 12 or other defenses are appropriate.

**THIS** 31st day of January, 2022.

Tricia M. Derr, N.C. State Bar # 24438
Ashley Bartolucci, N.C. State Bar # 51572
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209
Telephone:  (704) 496-4500
Facsimile:  (866) 393-6043
Email:  tricia.derr@lincolnderr.com
Email:  ashley.bartolucci@lincolnderr.com

***Attorneys for Defendant Starbucks Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that **DEFENDANT STARBUCKS CORPORATION'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT** was served on all parties through their counsel via email and properly addressed, as follows:

R. Kenneth Helms, Jr., Esq.
Helms Robison Lee & Bennett, P.A.
P.O. Drawer 99
Monroe, NC 28111
khelms@hrlbattorneys.com

*Attorney for Plaintiff*

**THIS** 31st day of January, 2022.

Ashley Bartolucci

STATE OF NORTH CAROLINA

COUNTY OF ROBESON

F I L E D

2022 FEB -2 P 4: 57

ROBESON CC., C.S.C

BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-3278

KAREN JACKSON,

Plaintiff,

v.

STARBUCKS CORPORATION,

Defendants.

**ORDER GRANTING DEFENDANT
STARBUCKS CORPORATION'S
MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S
AMENDED COMPLAINT**

On Motion and for good cause shown, Defendant **STARBUCKS CORPORATION'S** time for moving or answering the Plaintiff's Amended Complaint, pursuant to N.C. Gen. Stat. §1A-1, Rules 6 and 12 of the North Carolina Rules of Civil Procedure, is enlarged for a period of thirty (30) days, or through and including **March 29, 2022**.

**THIS** _____2_____ day of February, 2022.

_____
(Deputy/Assistant) Clerk of Superior Court

STATE OF NORTH CAROLINA F I L E D IN THE GENERAL COURT OF JUSTICE
                                                    SUPERIOR COURT DIVISION
COUNTY OF ROBESON                                   21-CVS-3278
                              2022 MAR 11 A 11: 49

KAREN JACKSON,           ROEESCN CC., C.S.C.
                                                    **DEFENDANT'S ANSWER AND**
              Plaintiff,  BY_____                 **DEFENSES TO THE AMENDED**
                                                    **COMPLAINT**
v.

STARBUCKS CORPORATION,

              Defendant.

---

Defendant, subject to the Defenses below, answers Plaintiff's Amended Complaint as
follows:

## FIRST DEFENSE TO ALL CLAIMS FOR RELIEF

### *RESPONSE TO THE PARTIES, JURISDICTION, AND VENUE*

1.      Defendant denies the allegations contained in Paragraph 1 of the Amended
Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity
of the matters contained therein.

2.      Defendant admits the Defendant is a corporation with its headquarters in Seattle,
Washington. Defendant admits that it is authorized to do business in North Carolina and its
registered agent is listed on the North Carolina Secretary of State website as The Prentice-Hall
Corporation System, Inc., and the Defendant's registered mailing address on the North Carolina
Secretary of State's website is listed as 2626 Glenwood Avenue, Suite 550, Raleigh North Carolina
27608. Defendant admits it maintains a store at 5084 Kahn Drive, Lumberton, North Carolina
28338. Except as specifically admitted, denied.

3.      Defendant admits this Court has jurisdiction in this matter, however, Defendant
denies all allegations and insinuations that it violated any law, statute, or regulation upon which
jurisdiction is based

4.      Defendant admits that venue lies in Robeson County, however, Defendant denies
all allegations and insinuations that it violated any law, statute, or regulation giving rise to such
venue.

## *RESPONSE TO FACTUAL ALLEGATIONS*

*Defendant restates each and every admission and denial contained in Paragraphs 1 through 4 of this Answer as if fully restated.*

5.     Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

6.     Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

7.     Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

8.     Defendant admits in general Starbucks Partners prepare orders for customers including the attachment of the appropriate lid to the corresponding cup consistent with Starbucks products. Defendant admits that in general such attachment of a lid to the appropriate cup is within the Starbucks Partner's scope of employment. Defendant denies that the coffee was prepared for the Plaintiff including the attachment of the lid to the cup by a Starbucks Partner for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein. Except as specifically admitted, denied.

9.     Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

10.     Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

11.     Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

12.     Defendant admits that it sells hot coffee, among other things, to the public. Defendant further admits its cups contain a warning which states "Careful, the beverage you're about to enjoy is extremely hot." Defendant further admits that the general public is aware that hot coffee is hot. Except as specifically admitted, denied.

13.     Defendant admits it has a duty to ensure that its hot coffee products are prepared with the appropriate temperature liquid. Defendant denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

2

14.    Defendant admits that it, as well as the general public, is aware that insecure attachment of lids can result in detachment and spilling. Defendant further admits that its cups contain a warning which states "Careful, the beverage you're about to enjoy is extremely hot." Except as specifically admitted, denied.

## *RESPONSE TO ALLEGATIONS OF NEGLIGENCE*

15.    Defendant restates each and every admission and denial contained in Paragraphs 1 through 14 of this Answer as if fully restated.

16.    Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint and each and every sub-paragraph thereto a – i.

17.    Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

**Any allegations in the Plaintiff's Amended Complaint not specifically admitted, denied, or otherwise responded to above, including but not limited to, those allegations and averments contained in the Plaintiff's prayer for judgment, are hereby expressly denied.**

## SECOND FURTHER DEFENSE
### (Intervening/Superseding Acts)

If it is determined this Defendant was negligent in any respect or was in any way liable to the Plaintiff, all of which has been and is again expressly denied, it is alleged Plaintiff's injuries and damages were caused by the separate, intervening and superseding negligence of others who were not employees of or agents of this Defendant, and over whom this Defendant exercised no control.

This intervening or superseding negligence constitutes a new, different, and superseding cause of the Plaintiff's alleged injuries and damages. As such, the intervening and superseding negligence of others is pled as a complete bar to Plaintiff's claim to recover anything from this Defendant.

## THIRD FURTHER DEFENSE TO ALL CLAIMS FOR RELIEF
### (Assumption of the Risk)

Plaintiff is not entitled to recover against Defendant to the extent she assumed the risks of inherent injury in the handling of a hot liquid in that she had superior and/or equal knowledge to any other person, including Defendant, of the conditions of the cup once in her possession.

3

## FOURTH FURTHER DEFENSE TO ALL CLAIMS FOR RELIEF
### *(Failure to Mitigate)*

Plaintiff is not entitled to recover against Defendant to the extent she failed to mitigate her damages by taking reasonable steps. The doctrine of avoidable consequences and/or failure to mitigate damages is pleaded as a bar, in whole or in part, to Plaintiff's claims asserted against Defendant.

## FIFTH FURTHER DEFENSE
### *(Set off)*

To the extent Plaintiff has been compensated for her alleged damages by receiving payment from other persons or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

## RESERVATION AND NON-WAIVER

This Defendant has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the nature and circumstances of the Plaintiff's allegations. Defendant intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported injury to the Plaintiff as alleged in the Amended Complaint and hereby give notice of their intent to assert any further affirmative defenses that this information gathering process may indicate are supported by fact and law. This Defendant hereby reserves the right to amend this Answer to assert any other applicable defenses that may arise.

**WHEREFORE,** Defendant having fully answered the Amended Complaint of Plaintiff, prays the Court as follows:

1.      Plaintiff have and recover nothing from the Defendant;

2.      The Amended Complaint be dismissed with prejudice;

3.      The issues in this matter be tried to a jury;

4.      The costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

5.      This Court order such further relief as it deems just and appropriate.

4

**THIS** 10th day of March, 2022.

Tricia M. Derr, N.C. State Bar # 24438
Ashley B. Bartolucci, N.C. State Bar # 51572
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209
Telephone: (704) 496-4500
Facsimile: (866) 393-6043
Email: tricia.derr@lincolnderr.com
Email: ashley.bartolucci@lincolnderr.com

*Attorneys for Defendant Starbucks Corporation*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that **DEFENDANT'S ANSWER AND DEFENSES TO THE AMENDED COMPLAINT** was served on all parties through their counsel via email and properly addressed, as follows:

FILED

2022 MAR 11 A 11: 49

ROEESCN CC., C.S.C.

BY_____

R. Kenneth Helms, Jr., Esq.
Helms Robison Lee & Bennett, P.A.
Post Office Drawer 99
Monroe, NC 28111
khelms@hrlbattorneys.com

*Attorney for Plaintiff*

THIS 10th day of March, 2022.

Ashley B. Bartolucci

STATE OF NORTH CAROLINA,

COUNTY OF ROBESON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 21 CVS 3278

KAREN JACKSON,

    Plaintiff,

   vs.

STARBUCKS CORPORATION,

    Defendant.

)
)
)
)
)
)
)
)
)

**MOTION
FOR EXTENSION OF TIME**

**(EXTM)**

---

   The Plaintiff Karen Jackson respectfully move(s) the Court to enlarge the time in which the said Plaintiff may answer or otherwise plead to the *Defendant Starbucks Corporation's First Set of Interrogatories and Request For Production of Documents to Plaintiff* served on the Plaintiff on the 10th day of March, 2022, for thirty (30) days to and including the 9th day of May, 2022, for the reason that said Plaintiff need(s) additional time to complete investigation so as to prepare responsive pleadings.

   This the 16th day of March, 2022.

         _____

         R. Kenneth Helms, Jr.
         NC Bar No. 15891
         HELMS ROBISON LEE & BENNETT, P.A.
         P.O. Drawer 99
         Monroe, NC 28111-0099
         Telephone: (704) 289-4577
         Fax: (704) 283-1122
         *Attorney for Plaintiff*

STATE OF NORTH CAROLINA,

COUNTY OF ROBESON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 21 CVS 3278

KAREN JACKSON,                    )
                                  )
              Plaintiff,          )          **ORDER**
                                  )
       vs.                        )
                                  )
STARBUCKS CORPORATION,            )
                                  )
              Defendant.          )

_____

FOR GOOD CAUSE SHOWN and upon application of the Plaintiff, IT IS ORDERED, ADJUDGED AND DECREED that the time within which the said Plaintiff may answer or otherwise plead to the *Defendant Starbucks Corporation's First Set of Interrogatories and Request For Production of Documents to Plaintiff* be and the same is hereby extended for thirty (30) days to and including the 9th day of May, 2022.

This the _____ day of _____, 2022.

_____
Clerk of Superior Court

STATE OF NORTH CAROLINA,

COUNTY OF ROBESON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 21 CVS 3278

KAREN JACKSON,

           Plaintiff,

           vs.

STARBUCKS CORPORATION,

           Defendant.

)
)
)
)
)
)
)
)
)

**CERTIFICATE OF SERVICE**

---

The undersigned, R. Kenneth Helms, Jr., attorney for the Plaintiff, hereby certifies that he served a copy of the foregoing or annexed *Motion For Extension of Time* and (proposed) *Order* on the following person(s) by electronic mail addressed as follows:

        Tricia M. Derr
        Ashley Bartolucci
        LINCOLN DERR PLLC
        tricia.derr@lincolnderr.com
        ashley.bartolucci@lincolnderr.com

This the 16th day of March, 2022.

_____
R. Kenneth Helms, Jr.